UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIMOTHY BURRELL | * CIVIL ACTION NO. |
| | * |
| | * SECTION |
| VERSUS | * |
| | * |
| | * JUDGE |
| SOUTHERN MAGNOLIA | * |
| TRANSPORT, LLC., NATIONAL | * MAG. JUDGE |
| CASUALTY COMPANY, SLADE H. | * |
| SMITH, AND GEICO CASUALTY | * JURY TRIAL |
| COMPANY | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, come Defendants, SLADE H. SMITH, SOUTHERN MAGNOLIA TRANSPORT, LLC, and NATIONAL CASUALTY COMPANY, who respectfully file this Notice of Removal of the cause from the 10th Judicial District Court for the Parish of Natchitoches, State of Louisiana, to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Defendants file this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, SLADE H. SMITH, SOUTHERN MAGNOLIA TRANSPORT, LLC, and NATIONAL CASUALTY COMPANY state as follows:

### I. INTRODUCTION

1.

The Claimant's lawsuit arises from an alleged November 11, 2020 automobile accident in Natchitoches Parish, Louisiana in which Claimant, Timothy Burrell, claims that he was the

driver in a 2003 Pontiac Grand Am that was involved in an accident with Slade H. Smith, the driver of an 18 wheeler. Claimant alleges that Slade H. Smith, Southern Magnolia Transport, LLC, National Casualty Company, and GEICO Casualty Company are liable for damages that resulted from that accident.

2.

On November 2, 2021, Claimant, Timothy Burrell, filed suit in the 10th Judicial District Court for the Parish of Natchitoches, State of Louisiana, Docket No. 92918, Division "B" entitled, *Timothy Burrell v. Southern Magnolia Transport, LLC, et al.,* a copy of which is attached hereto as **Exhibit 1**.

3.

On February 11, 2022, Claimant, Timothy Burrell, filed a *First Supplemental and Amending Petition for Damages,* a copy of which is attached hereto as **Exhibit 2**, in which he amended his Petition for Damages to assert that the amount in controversy exceeds $75,000 as follows:

> 9.
>
> Petitioner, **TIMOTHY BURRELL,** is therefore entitled to damages for the items set forth in such amounts as are reasonable in the premises. Upon information and belief, the value of Petitioner's claim likely exceeds $75,000.

4.

Claimant requested service of the *Petition for Damages* on National Casualty Company through its agent for service of process, the Louisiana Secretary of State, and National Casualty Company was served personally on November 10, 2021. Claimant sent service of his *First Supplemental and Amending Petition for Damages* to counsel for National Casualty Company on

February 11, 2022, which service was received by counsel for National Casualty Company on February 11, 2022.

5.

Claimant requested service of the *Petition for Damages* on GEICO Casualty Company through its agent for service of process, the Louisiana Secretary of State, and GEICO Casualty Company was served personally on November 10, 2021. Claimant sent service of his *First Supplemental and Amending Petition for Damages* to counsel for GEICO Casualty Company on February 11, 2022, which service was received by counsel for GEICO Casualty Company on February 11, 2022.

6.

Claimant requested service of the *Petition for Damages* on Slade Smith via Louisiana Long-Arm Statute and Slade Smith was served via Louisiana Long-Arm Statute on November 13, 2021. Claimant sent service of his *First Supplemental and Amending Petition for Damages* to counsel for Slade Smith on February 11, 2022, which service was received by counsel for Slade Smith on February 11, 2022.

7.

Claimant requested service of the *Petition for Damages* on Southern Magnolia Transport, LLC via Louisiana Long-Arm Statute and Slade Smith was served via Louisiana Long-Arm Statute on November 12, 2021. Claimant sent service of his *First Supplemental and Amending Petition for Damages* to counsel for Southern Magnolia Transport, LLC on February 11, 2022, which service was received by counsel for Southern Magnolia Transport, LLC on February 11, 2022.

8.

Prior to Claimant's having filed his *First Supplemental and Amending Petition for Damages,* on February 11, 2022, Southern Magnolia Transport, LLC and National Casualty Company filed an *Answer and Dilatory Exception to the Petition for Damages* in which they raised a *Dilatory Exception of Vagueness, Ambiguity, and Non-conformity of the Petition* because Claimant failed to make the requisite allegation as to whether his claim exceeds or is less than the amount sufficient to invoke the jurisdiction of the federal courts and/or the right to a jury trial in accordance with La. Code Civ. P. art. 893. The Exception was set for hearing on March 3, 2022. However, prior to the hearing, Claimant amended his Petition for Damages to assert that the amount in controversy exceeds $75,000.

9.

Defendant, GEICO Casualty Company, consents to this Removal as evidence by the attached Consent to Removal executed by counsel for GEICO Casualty Company.

## II.  DIVERSITY JURISDICTION EXISTS

10.

Claimant, Timothy Burrell, is a resident and citizen of the State of Louisiana.

11.

Defendant, Slade H. Smith, is a resident and citizen of the State of Mississippi.

12.

Defendant, Southern Magnolia Transport, LLC is a Mississippi limited liability company organized and existing under the laws of the state of Mississippi and having its principal place of

business in the state of Mississippi. The only Member of Southern Magnolia Transport, LLC is Clint Rowell.  Clint Rowell is a resident and citizen of the State of Mississippi.  Therefore Southern Magnolia Transport, LLC is a citizen of the State of Mississippi.

13.

National Casualty Company is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Arizona.  Therefore, National Causalty Company is a citizen of the states of Ohio and Arizona.

14.

Defendant, GEICO Casualty Company, which consents to this removal, is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in the State of Maryland.  Therefore, GEICO Casualty Company is a citizen of Nebraska and Maryland.

15.

Accordingly, there is complete diversity between Plaintiff and all served and properly joined Defendants. As of the date of this filing of this Notice of Removal, Claimant has not named any other Defendants.   As of the date of filing of this Notice of Removal, Claimant has not obtained service of process on any other person from whom Defendants must obtain consent for this removal.

### III.    THE AMOUNT IN CONTROVERSY IS SATISFIED

16.

La. Code Civ. P. art. 893 specifically prohibits the pleading of the amount of monetary damages sought, and Claimant's *Petition for Damages* and *First Supplemental and Amending*

*Petition for Damages* do not set forth the specific amount of damages sought. However, Claimant's *Petition for Damages* did not comply with the Louisiana Code of Civil Procedure. More specifically, the *Petition for Damages* was deficient in that it did not contain a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. Code Civ. P. art. 893.

17.

At Paragraph 8 of the *Petition for Damages*, Claimant, Timothy Burrell, claims that he suffered the following damages:

> 8.
>
> Directly and solely as a result of the collision in question, **TIMOTHY BURRELL** suffered injuries and, as a result, is entitled to recover all available damages including, but not limited to:
>
> a. Physical pain and suffering – past, present, and future;
> b. Mental anguish and/or emotional distress – past, present, and future;
> c. Disability and/or impairment – past, present, and future;
> d. Lost Wages and/or loss of earning capacity - past, present, and future;
> e. Loss of enjoyment of life – past, present, and future;
> f. Medical expenses – past, present, and future; and
> g. Any and all other damages which will be established at the time of trial.

**Exhibit 1**, *Petition for Damages* at para. 8.

18.

On February 11, 2022, Claimant, Timothy Burrell, filed a *First Supplemental and Amending Petition for Damages,* a copy of which is attached hereto as **Exhibit 2**, in which he amended his Petition for Damages to assert that the amount in controversy exceeds $75,000:

> 9.
>
> Petitioner, **TIMOTHY BURRELL,** is therefore entitled to damages for the items set forth in such amounts as are reasonable in the premises. Upon information and belief, the value of Petitioner's claim likely exceeds $75,000.

19.

Based upon the allegations set forth by Claimants, Defendants aver that the amount in controversy claimed by Claimant, Timothy Burrell, exceeds the sum of $75,000.00, exclusive of interest and costs.

20.

In accordance with the foregoing, this is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this court by defendants pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### IV.   THE NOTICE OF REMOVAL IS TIMELY

21.

Claimant filed his *Petition for Damages* on November 2, 2021 and his *First Supplemental and Amending Petition for Damages* on February 11, 2022.

22.

Claimant, Timothy Burrell, failed to make a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, and failed to allege sufficient facts to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, Petitioners are relying upon

the "other paper" received from Claimant on February 11, 2022, his *First Supplemental and Amending Petition for Damages*, to establish the amount in controversy for purposes of removal.

23.

This Notice of Removal is properly filed within one year of the November 2, 2021 Petition for Damages and thirty (30) days of receipt Claimant's his *First Supplemental and Amending Petition for Damages* on February 11, 2022, the first papers from which Petitioners could ascertained that the case is removable.

24.

In accordance with 28 U.S.C. §1446 (d), Defendant will provide appropriate Notice of this Removal to the Claimant and to the Clerk of Court for the 10th Judicial District Court for the Parish of Natchitoches, State of Louisiana.

25.

Defendants reserve the right to amend or supplement this *Notice of Removal*.

26.

Defendants reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.

### **JURY DEMAND**

27.

Defendants are entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendants, SLADE H. SMITH, SOUTHERN MAGNOLIA TRANSPORT, LLC, and NATIONAL CASUALTY COMPANY, pray that the action entitled

*Timothy Burrell v. Southern Magnolia Transport, LLC, et al*, Docket No. 92918, Division "B," pending in the 10th Judicial District Court for the Parish of Natchitoches, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana.

        Respectfully submitted,

        */s/ Trent P. Roddy*

        **GUY D. PERRIER, T.A. #20323**
        **TRENT P. RODDY, #29404**
        Perrier & Lacoste, LLC
        One Canal Place
        365 Canal Street, Suite 2550
        New Orleans, Louisiana  70130
        gperrier@perrierlacoste.com
        troddy@perrierlacoste.com
        Tel:  (504) 212-8820
        Fax:  (504) 212-8825
        **ATTORNEYS FOR DEFENDANTS, SLADE H. SMITH, SOUTHERN MAGNOLIA TRANSPORT, LLC, and NATIONAL CASUALTY COMPANY**

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **28th** day of **February, 2022**, at their last known address of record.

        */s/ Trent P. Roddy*

        TRENT P. RODDY