c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIMOTHY BURRELL, Plaintiff | CIVIL ACTION NO. 1:22-CV-00572 |
| VERSUS | JUDGE JOSEPH |
| SOUTHERN MAGNOLIA TRANSPORT, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 10) filed by Plaintiff Timothy Burrell ("Burrell"). Burrell argues that because Geico Casualty Company ("Geico") is not a solidary obligor, the Court can only consider the Geico uninsured/underinsured ("UM"/"UIM") policy in determining the amount in controversy – which does not exceed $15,000. ECF No. 10-1 at 1-4. Defendants Slade H. Smith ("Smith"), Southern Magnolia Transport, L.L.C. ("SMT"), and National Casualty Company ("NCC") (collectively, the "Removing Defendants") oppose. ECF No. 13.

Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, Burrell's Motion to Remand (ECF No. 10) should be DENIED.

I.  **Background**

On November 2, 2021, Burrell filed a Petition for Damages ("Petition") in the Tenth Judicial District Court, Natchitoches, Louisiana.  ECF No. 1-5.  Burrell named Removing Defendants, along with Geico.  *Id.* at 1.

On November 11, 2020, Burrell was operating a 2003 Pontiac Grand Am southbound in the outside lane of Interstate 49 when Smith, the operator of an eighteen-wheeler traveling behind him, struck the rear of his vehicle.  ECF No. 1-5 at 1-2.  Burrell alleges he lost control of his vehicle and crossed into the median, where his vehicle rolled over.  *Id.* at 2.

SMT is the owner of the 2014 Westernstar tractor and trailer driven by Smith, and is Smith's employer.  *Id.* at 1.  NCC is the alleged liability insurer of SMT and Smith.  *Id.*  Geico is Burrell's UM insurer, which provided UM/UIM coverage with limits of $15,000 per person.  *Id.* at 1-4.  Burrell asserts Removing Defendants and Geico are jointly and severally liable for his damages.  *Id.*

Geico answered the Petition on December 9, 2021.  ECF No. 1-21.  On January 12, 2022, NCC and SMT answered the Petition, along with Dilatory Exceptions of Vagueness, Ambiguity, and Non-conformity of the Petition.  ECF No. 1-25.  NCC and SMT alleged Burrell failed to aver whether his claim exceeded the federal jurisdiction threshold under La. Code Civ. P. art. 893.  *Id.* at 1.  On February 14, 2022, Burrell filed a First Supplemental and Amending Petition for Damages ("First Amended Petition"), amending to allege the value of his claim likely exceeds $75,000.  ECF No. 1-6 at 3.

On February 28, 2022, Removing Defendants removed, asserting diversity jurisdiction. ECF No. 1. Removing Defendants allege there is complete diversity between Plaintiffs and the properly joined Defendants.[1] *Id.* at 5. Removing Defendants further allege that, based on Burrell's First Amended Petition, the amount in controversy exceeds $75,000. *Id.* at 7.

Burrell now seeks remand for lack of diversity jurisdiction. ECF No. 10. Burrell argues that the underlying liability limits and Geico's policy limits cannot be aggregated to determine that the amount in controversy is satisfied.[2] ECF No. 10-1 at 3. Removing Defendants oppose. ECF No. 13.

---

[1] Burrell is a citizen of Louisiana. ECF No. 1 at 4. Smith is a citizen of Mississippi. *Id.* SMT is a limited liability company, whose sole member is Clint Rowell, a citizen of Mississippi. *Id.* at 4-5. Thus, SMT is a citizen of Mississippi. *Id.* at 5. NCC is incorporated in the State of Ohio, with its principal place of business in the State of Arizona. *Id.* Thus, NCC is a citizen of Ohio and Arizona. *Id.* Geico is incorporated in the State of Nebraska, with principal place of business in the State of Maryland. *Id.* Thus, Geico is a citizen of Nebraska and Maryland. *Id.*

[2] Burrell also claims Geico's presence as a defendant destroy diversity jurisdiction. ECF No. 10-1 at 2. Yet, Burrell does not present any allegations as to the citizenship of Geico. He also argues Geico was not improperly joined, and that it must be considered in the Court's diversity jurisdiction analysis. ECF No. 10-1 at 4-5. Removing Defendants did not assert improper joinder on removal. ECF No. 1. Nevertheless, unless this action is a direct action suit to which action the insured is not joined as a party defendant, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *Church Mut. Ins. Co. v. Hebert*, 2010 WL 1006642, at *2 (W.D. La. Mar. 16, 2010); *see also* 28 U.S.C. § 1332(c)(1). Both Geico and Burrell are named defendants; thus, Geico does not assume the citizenship of Burrell. Here, Removing Defendants adequately allege the complete diversity of the parties.

3

II. **Law and Analysis**

    A. **Standards governing the Motion to Remand.**

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

Given the complete diversity between the parties, the remaining question is whether the jurisdictional amount in controversy is satisfied.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

4

$75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (Where a petition does not include a specific monetary demand, the removing defendant "must produce evidence . . . that the actual amount in controversy exceeds" $75,000.). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). One such way for a plaintiff to satisfy the "legal certainty" test is to file a binding stipulation or affidavit with the original complaint. *Id.* at 1412.

### B. Removing Defendants establish that diversity jurisdiction is "facially apparent."

The only issue before the Court is whether Burrell's claims met the jurisdiction threshold at the time of removal. As noted, Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art.

893. Thus, Removing Defendants "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882.

Removing Defendants allege in their Notice of Removal that Burrell's First Amended Petition alleges that the value of his claim likely exceeds $75,000. ECF No. 1 at 2.

Louisiana law provides that "if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. P. art. 893. Here, rather than allege the lack of jurisdiction of federal courts due to insufficiency of damages, Burrell affirmatively alleges that the amount in controversy exceeds $75,000. ECF No. 1-6 at 3. Thus, it is "facially apparent" that Burrell's damages will exceed the federal jurisdictional threshold.

### C. Burrell fails to establish "to a legal certainty" that his damages do not exceed $75,000.

When a plaintiff affirmatively alleges the amount in controversy, a federal court should only decline jurisdiction if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Williams v. EAN Holdings, L.L.C.*, 2015 WL 70800952, at *3 (W.D. La. Nov. 13, 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938)). Thus, Burrell must establish to a "legal certainty" that his damages do not exceed $75,000. *See De Aquilar*, 46 F.3d at 1411.

Burrell argues that UM and liability carriers are not solidary obligors. ECF No. 10-1 at 3. Thus, Burrell asserts that the potential liability of NCC and Smith cannot be aggregated with Geico's liability to determine whether the amount in controversy is satisfied. *Id.* Instead, Burrell contends that the $75,000 threshold must be established separately for each defendant. *Id.* Burrell cites caselaw holding that the UM's policy limits controlled the jurisdictional amount, and does not include the amount paid by the liability insurer. *Id.* Burrell argues that the maximum amount of controversy of his claims against Geico is $15,000 – the Geico UM policy limits at issue. *Id.* at 4.

However, in arguing against a potential assertion that Geico was improperly joined, Burrell also states that he has a "possibility of recovery" against Geico as "[t]he injuries sustained by [him] in the accident indicate that his damages could exceed $1 million." *Id.* at 5.[3] Burrell also attaches his declaration in support of his damages. ECF No. 10-4. Burrell asserts he was rendered unconscious by the accident, sustained displaced fractures of his right scapular and right glenoid, tears of his supraspinatus tendon and glenoid labrum, complete rotator cuff tear, adhesive capsulitis, several broken ribs on both sides, pulmonary contusions, pneumothorax, anterior mediastinal contusion, herniated lumbar discs at L4-5 and L5-S1, and a herniated cervical disc at C4-5. ECF Nos. 10-1 at 5-6, 10-4 at 1. He was hospitalized for seven days after the accident and has undergone extensive

---

[3] Burrell attached the Accord Certification of Insurance reflecting the underlying liability limits of $1,000,000.00. ECF No. 1-2 at 1.

7

physical therapy and several injections in his shoulder and lumbar spine. *Id.* Burrell was recommended for right shoulder surgery and possible lumbar surgery. ECF Nos. 10-1 at 6, 10-4 at 1. His medical bills exceed $35,000. *Id.* He also contends he has lost over $60,000 in wages. ECF No. 10-1 at 6. Burrell cites Louisiana caselaw supporting that his general and special damages could reasonably exceed $1 million. *Id.*

Removing Defendants respond that Burrell admits in his First Amended Petition and in his Motion to Remand that the amount in controversy exceeds $75,000. ECF No. 13 at 1-2. Removing Defendants assert Burrell's argument relies on unrelated cases where the plaintiff sued only the UM insurer with policy limits less that the threshold. *Id.* at 1-2. They contend Burrell's assertion that any case against an insurance company with policy limits less than $75,000 is not removable is premised on an incorrect understanding of the law. *Id.* at 2.

Removing Defendants further argue that claims by a "single plaintiff against multiple defendants can be aggregated only if the defendants are jointly liable, such as two insurers who separately insured against the same risk." *Id.* at 3. They assert Burrell admits he is seeking more than $1 million and that his $15,000 UM claim does not prevent removal. ECF No. 13 at 7.

Generally, the amount in controversy threshold must be met as to a plaintiff's claims against each defendant. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). Where a plaintiff pleads separate and distinct claims against more than one defendant, "the test of jurisdiction is the amount of each claim, and

8

not their aggregate." *Id.* Claims by a single plaintiff against multiple defendants can be aggregated only if the defendants are jointly liable to the plaintiff, such as two insurers who separately insured against the same risk. *Id.* If the defendants are severally or separately liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant. *Costello v. Capital One NA*, 2008 WL 1766983, *2 (W.D. La. 2008).

In cases "that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). This is contrasted with claims that involve the validity of the underlying insurance contract, where the amount in controversy would be determined by the policy limits of the contract. *Id.*; *see also Mercier v. Allstate Ins. Co.*, No. 06-9861, 2007 WL 210786, at *2 (E.D. La. Jan. 17, 2007) ("In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy."); *see also* 14AA Fed. Prac. & Proc. Juris. § 3710 (4th ed.) ("[I]f the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied.").

"The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by

adequate liability insurance." *Lachney v. Yaxley*, 20-CV-776, 2021 WL 3832302, at *2 (W.D. La. Aug. 26, 2021) (quoting *Duncan v. USAA*, 950 So.2d 544, 547 (La. 2006)). "The Louisiana Supreme Court has further stated that '[a] solidary obligation between the tortfeasor and the victim's uninsured motorist carrier may arise either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim.'" *Porter v. Loney*, 2017 WL 9485598, at *5 (M.D. La. May 18, 2017), *report and recommendation adopted,* 2017 WL 2829650 (M.D. La. June 30, 2017) (quoting *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985)).

Here, Burrell alleges that Removing Defendants and Geico are jointly and severally liable to him for his alleged damages. ECF Nos. 1-5 at 1, 1-6 at 1, 4. Burrell also affirmatively alleges on the face of the First Amended Petition that the value of his claim likely exceeds $75,000. ECF No. 1-6 at 3. At the time of removal, the alleged tortfeasor Smith and his liability insurer NCC remain parties to the litigation, along with Geico. NCC's policy provides liability limits of $1 million. ECF No. 10-2 at 1. As the UM/UIM insurer, Geico would be solidarily liable with Smith, whose liability is not limited.

Burrell admits his damages exceed $75,000. ECF No. 10-1. And Burrell is unable to recover against Geico unless his damages exceed $1 million, which he admits they do. The cases cited by Burrell for the proposition that the court shall consider only the amount of coverage of the UM policy and not any amounts paid by the liability insurer are distinguishable. In the cases Burrell cites, the only claim

10

that remained in each case was a claim for the UM policy that did not exceed $75,000.[4] Burrell cites to no factually similar cases to support his proposition.

Therefore, Burrell fails to establish to a legal certainty that his damages do not exceed the jurisdictional threshold.

## III. Conclusion

Because there is complete diversity between the parties and the amount in controversy exceeds $75,000;

IT IS RECOMMENDED that Burrell's Motion to Remand (ECF No. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being

---

[4] *See Wheeler v. Farmers Ins. Exchange*, 2014 WL 280356 (W.D. La. Jan. 22, 2014) ($50,000 UM/UIM policy was not aggregated with the $50,000 policy of the liability carrier with whom the plaintiff had settled prior to removal to satisfy the jurisdictional threshold); *Thomas v. Hartford Accident & Indemnity Co.*, No. 17-cv-1474, 2018 WL 1548897, at *2 (W.D. La. Mar. 14, 2018), report and recommendation adopted, 2018 WL 1541991 (W.D. La. Mar. 29, 2018) (The court only considered the amount of coverage available under the $50,000 UM policy and did not aggregate it with the amount paid by the liability insurer prior to plaintiff filing his petition.); *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F.Supp.3d 428, 432 (E.D. La. 2015) (The court found that the maximum amount the plaintiff could recover of Allstate's $50,000 UM policy was $42,500 remaining after a tender, and the court did not include the $15,000 settlement recovered before removal against the liability policy.); *Brown v. Geico Casualty Company*, 2022 WL 185186, at *2-3 (W.D. La. Jan. 3, 2022) (In a case solely against the UM insurer that provided only $20,000 policy limits, the court found that the Geico failed to establish the requisite amount in controversy.).

served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __1st__ day of November 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE